JOHNSON, TRUSTEE, APPELLANT, *v.* SHAFFER ET AL., APPELLEES.

(Decided March 12, 1940.)

*Mr. A. L. Baker* and *Mr. George Edwards,* for appellant.

*Messrs. Loomis & Caris,* for appellees.

CARTER, J. The parties will be designated as plaintiff and defendants. The notice of appeal indicates that this is an appeal on questions of law and fact. However, no bond for such appeal was filed as provided

by Section 12223-6, General Code. We will proceed to make disposition of the case as an appeal on questions of law, and the words "and fact" may be stricken from the notice of appeal.

The action below was one for marshaling liens. The facts are substantially as follows: Prior to November 21, 1930, the defendants, Samuel G. Shaffer and Emma Shaffer, were the owners in fee simple of real estate situated in the township of Atwater, county of Portage, consisting of a number of acres. A short time prior to the 20th day of November, 1930, Walter S. Shaffer, son of Samuel G. and Emma Shaffer, was either convicted of or pleaded guilty to nonsupport of minor children. Sentence thereunder was suspended on condition that Walter S. Shaffer give bond to a trustee named by the court, apparently under the provisions of Section 13010, General Code, conditioned that Walter S. Shaffer would furnish such children with necessary and proper home, suitable care and clothing, or pay each week to such trustee a sum to be fixed by the court. This bond was furnished by Walter S. Shaffer. Samuel G. Shaffer and Emma Shaffer signed the bond as sureties. On the 21st day of November, 1930, a notice of pledge of real property was filed with the county recorder of Portage county, Ohio. Thereafter Alfretta Johnson, plaintiff, as trustee for the minor children of Walter S. Shaffer, brought suit in the Common Pleas Court of Portage county upon this bond asking judgment in the sum of $500 and interest thereon. Judgment was rendered in this amount against Samuel G. Shaffer and Emma Shaffer on March 5, 1938. In the meantime, by warranty deed dated January 18, 1937, and filed for record January 20, 1937, Samuel G. Shaffer and Emma Shaffer conveyed to Anna Blanche Mengensdorf, one of the defendants, the aforesaid premises, reserving to themselves the use and occupancy of the premises during the term of their natural lives. Thereafter the grantee, Anna

Blanche Mengensdorf, mortgaged these premises in the sum of $1,500 to the defendant, The County Savings & Loan Company of Ravenna, Ohio, by a mortgage dated February 18, 1937, filed on the same date and recorded in the Portage county mortgage records, out of the proceeds of which, apparently, an existing mortgage lien on the premises to the City Savings Bank & Trust Company of Alliance, Ohio, amounting to the sum of $400, was paid, the City Savings Bank & Trust Company mortgage having been placed upon the real estate long prior to the giving of the support bond.

In 1938 this action was instituted in the Court of Common Pleas by Alfretta Johnson as trustee against the defendants asking for marshaling of liens and sale of the premises to pay the judgment on the bond, which lien was perfected under the provisions of Section 13435-1 *et seq.*, General Code. Issue was duly made by answer and reply on the part of the various defendants. The case was tried to the court below resulting in a judgment by that court in favor of the defendants holding that the title to the lands in the name of Anna Blanche Mengensdorf was free of any lien either by way of the judgment on the bond, or the notices of the taking of such bond, and that the defendant, The County Savings & Loan Company of Ravenna, Ohio, had the first and best lien on the premises by virtue of its mortgage, and from that finding and judgment plaintiff prosecutes appeal on questions of law to this court.

If the claim of defendants is correct that no lien in the instant case was secured by plaintiff by virtue of compliance with Section 13435-1 *et seq.*, General Code, all other questions raised in the way of subrogation, defective description of real estate, etc., become immaterial. It is our conclusion that defendants are correct in this contention.

Section 13435-1 *et seq.*, General Code, are found in the Code of Criminal Procedure under Chapter 14, sub-

ject "Bail." Title II, Part IV, General Code, is divided into numerous chapters or subheads. Chapters 1, 2, 3 and 4 deal with jurisdiction of courts in criminal matters. Chapter 5 deals with venue; 6, change of venue; 7, peace warrants; 9, search warrants; 11, arrest; 12, preliminary examination; 14, bail.

Bail is defined as follows in 1 Bouvier's Law Dictionary (Rawle's Revision):

"Those persons who become sureties for the appearance of the defendant in court.

"To deliver the defendant to persons who, in the manner prescribed by law, become securities for his appearance in court.

"To become bail for another."

We have read and reread these sections and are satisfied that they refer to bail for appearance of one arrested and charged with a criminal offense, and have no connection with the bond given in the instant case by Walter S. Shaffer, Samuel G. Shaffer and Emma Shaffer pursuant to the provisions of Section 13010, General Code.

The bond in question by the wildest imagination cannot be classified as an appearance bond in a criminal matter. The imposition of sentence was suspended only by virtue of the execution of this bond. In 5 Ohio Jurisprudence, 6, Section 3, the author says in part:

"The object of bail in civil cases is either directly or indirectly to secure the payment of a debt or performance of other civil duty. While in criminal cases the object is to secure the appearance of the principal before the court when his presence is needed for the purpose of public justice, and, as stated in one case, to allow the accused proper freedom and opportunity to prepare his defense."

If we are correct in this holding then, and in that event, the bond in question would not establish a lien even though steps were properly taken under the pro-

visions of Section 13435-1 *et seq.*, General Code. If these sections refer to appearance bonds only, and we hold such to be the case, a valid lien can be created only in that character of bond or bail. As to all other bonds executed otherwise these sections have no application.

There are a number of instances mentioned in Section 13435-1 *et seq.*, General Code, which indicate that it was the intention of the Legislature to limit the same to appearance bonds only. First, these sections, as hereinbefore indicated, are found in the Code of Criminal Procedure. Second, the definition of bail.

Section 13435-2, General Code, provides in part:

"In cases of felony the amount of the bail shall be fixed by the judge or magistrate, but in cases of misdemeanor such amount shall be fixed by the judge, magistrate or clerk of the court."

Section 13435-3, General Code, provides in part that the surety must be a resident of the county in which the prosecution is pending.

Section 13435-5, General Code, provides for a lien, the closing part of this section being as follows:

"From the time of the filing and recording of such notice the same shall constitute notice to every one that the real property therein described has been pledged to the state of Ohio as security for the performance of the conditions of a criminal recognizance in the penal sum set forth in said recognizance and notice. Such lien shall not affect the validity of prior liens on said property."

Section 13435-9, General Code, deals with renewal of recognizance when indictment is returned or information filed.

Section 13435-14, General Code, deals with one charged with an offense of which he has not been indicted.

Section 13435-15, General Code, deals with arrest and appearance during vacation.

Section 13435-16, General Code, deals with surrender of defendant.

Section 13435-18, General Code, deals with proceedings when party recognized fails to appear.

Section 13435-23, General Code, provides for a remission of penalty.

Then follows forms, all of which deal with appearances of witnesses or defendants.

Section 1665, General Code, has been cited to this court. This section provided:

"The provisions of law relating to bail in criminal cases in the Common Pleas Court shall apply to persons committed or held under the provisions of this chapter so far as they are applicable."

Under this section bail in criminal cases refers to bail for appearances of defendants charged with the offenses found in the provisions of the juvenile court code.

Coming to these conclusions the judgment of the lower court is affirmed.

*Judgment affirmed.*

Nichols, P. J., and Phillips, J., concur.